IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JAMES RODARMEL and
TIMOTHY RODARMEL,

       Plaintiffs,

v.

ALLSTATE NORTHBROOK INDEMNITY
COMPANY,

       Defendant.

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Northbrook Indemnity Company ("Allstate") hereby removes this action from the District Court, Denver County, Colorado to the United States District Court for the District of Colorado, on the ground that jurisdiction exists under 28 U.S.C. § 1332. In support of removal, Allstate states as follows:

## BACKGROUND

1. On August 21, 2019, Plaintiffs James Rodarmel and Timothy Rodarmel (collectively, "Plaintiffs") filed a Complaint for Damages and Jury Demand ("Complaint") against Allstate in the District Court, Denver County, Colorado, bearing Civil Action No. 2019CV33204 (the "State Court Action").

2.	Plaintiffs served Allstate with the Complaint on August 27, 2019, by service on its registered agent, the Colorado Division of Insurance. (*See* Affidavit of Service, filed herewith.)

3.	The Complaint alleges that on or about June 20, 2018, Plaintiffs were involved in a traffic accident caused by an uninsured motorist (the "Collision"). (Compl. ¶¶ 4-13, 19.) Plaintiffs further allege that they suffered injuries and required medical treatment as a result of the Collision. (*Id*. ¶¶ 14-15.)

4.	Plaintiffs allege that "[o]n the date of the [C]ollision, James Rodarmel had an insurance contract with Allstate providing compensation for bodily injuries and related losses caused by uninsured drivers," and that the insurance contract covered "injured passengers such as Timothy Rodarmel . . . ." (the "Policy") (*Id*. ¶¶ 20-21).

5.	Plaintiffs submitted claims for uninsured motorist benefits under the Policy. (*Id*. ¶ 23.)

6.	Plaintiffs allege that Allstate failed to reasonably investigate and evaluate their claims, and has unreasonably delayed or denied payment of uninsured motorist benefits owed under the Policy. (*Id*. ¶¶ 56-60, 66-70, 86, 90, 95, 101.)

7.	Plaintiffs each assert three claims for relief: (1) breach of contract; (2) unreasonable delay and denial of their claims under C.R.S. §§ 10-3-1115 and 1116; and (3) common law bad faith breach of contract. (*Id*. ¶¶ 71-84, 85-92, and 93-104.)

8.	Plaintiffs seek compensatory damages for their breach of contract and common law bad faith claims, "two times the covered uninsured motorist benefit plus reasonable

attorney's fees and costs" for their statutory bad faith claims, and pre- and post-judgment interest. (*Id*. ¶¶ 77, 84, 88, 92, 98, 104; *see also* p. 10, WHEREFORE clause.)

9. Allstate contends that its actions were reasonable, and it did not breach the insurance contract, did not act in bad faith, and did not violate C.R.S. §§ 10-3-1115 and 1116.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS TIMELY

10. This Notice of Removal is filed within thirty (30) days after service of the Complaint on Defendant, which occurred on August 27, 2019. (*See* Affidavit of Service filed herewith.)

11. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

### II. DIVERSITY OF CITIZENSHIP EXISTS

12. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id*.

13. According to the Complaint, Plaintiffs are residents and citizens of Colorado. (*See* Compl. ¶¶ 1-2.)

14. Allstate Northbrook Indemnity Company is an insurance company organized under the laws of the State of Illinois with its principal place of business also in the State of Illinois. (*See* Colorado Division of Insurance Producer Search, attached as **Exhibit A**.)

Therefore, Allstate is a citizen of Illinois. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1714 (2016) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

15. Because the parties are citizens of different states, and Allstate is not a citizen of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. § 1332(a)(1), § 1332(c)(1), and § 1441; *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

16. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

17. Plaintiffs allege that their combined medical expenses and lost wages amount to more than $32,850. (Compl. ¶¶ 31-33.) Plaintiffs further allege that "Allstate has not paid anything to [them] for their claims." (*Id.* ¶ 52.)

18. In addition to seeking the covered benefit of approximately $32,850, should Plaintiffs succeed in their claims under C.R.S. §§ 10-3-1115 and 1116, they seek two times the covered benefit, attorneys' fees, and costs. (*Id.* ¶¶ 88, 92.) *See American Family Mut. Ins. Co. v. Barriga,* 418 P.3d 1181 (Colo. 2018) (discussing the calculation of damages under § 10-3-1116).

Applying the statute's multiplier to Plaintiffs' combined medical expenses and lost wages, Plaintiffs are therefore seeking over $98,550.

19. Plaintiffs also seek attorney fees. The Complaint's request for an award of attorney fees under C.R.S. § 10-3-1116 alone in a case involving relief of this nature places the amount in controversy over the $75,000 threshold. (*See* Compl. ¶¶ 88, 92.) "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Although the fees cannot be calculated with certainty at this juncture, it is undisputed that substantial attorney fees will be incurred in this matter.

20. Finally, Plaintiff's civil cover sheet filed in the State Court Action confirms that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs indicated that they seek "a monetary judgment . . . for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs." (*See* State Court Civil Cover Sheet filed herewith.) Plaintiffs' representation on their civil cover sheet establishes for the purposes of federal diversity jurisdiction that Plaintiffs seek in excess of $75,000 in disputed damages, exclusive of attorney fees, interest and costs. *See Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (noting that state court civil cover sheet unambiguously indicated the amount in controversy was more than $100,000 and that there was "no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding").

21. In light of the foregoing, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

22. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391(b)(2) and 1446(a), based on the allegations contained in the Complaint.

## PROCESS, PLEADINGS, AND ORDERS SERVED

23. As required by 28 U.S.C. § 1446(a), Local Civil Rule 81.1, and this Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

## NOTICE OF REMOVAL

24. Pursuant to 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal, filed contemporaneously in the State Court Action, is filed herein with this Notice of Removal.

## NO WAIVER

25. No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

26. For the reasons set forth above, Defendant removes this action to the United States District Court for the District of Colorado.

27.     Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Defendant reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

Dated: September 25, 2019

Respectfully submitted,

*I hereby certify that I am a member in good standing of the bar of this Court*

*s/ Carrie M. Hobbs*
Terence M. Ridley
Carrie M. Hobbs
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:   303.244.1879
Email:  ridley@wtotrial.com
Email:  hobbs@wtotrial.com

*Attorneys for Defendant*
*Allstate Northbrook Indemnity Company*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 25, 2019, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served on the following via email:

DezaRae D. LaCrue
Patric LeHouillier
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, CO 80014
lacrued@fdazar.com
lehouillierp@fdazar.com

*Attorneys for Plaintiffs*

                                       *s/ Carrie M. Hobbs*
                                       Carrie M. Hobbs
                                       Wheeler Trigg O'Donnell LLP
                                       370 Seventeenth Street, Suite 4500
                                       Denver, CO 80202-5647
                                       Telephone: 303.244.1800
                                       Facsimile: 303.244.1879
                                       Email: hobbs@wtotrial.com

                                       *Attorney for Defendant*
                                       *Allstate Northbrook Indemnity Company*